940 F.2d 678
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John P. DUNBAR, Jr., Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 91-3106.
 United States Court of Appeals, Federal Circuit.
 July 30, 1991.
 
 Before PAULINE NEWMAN, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner John P. Dunbar, Jr. (Dunbar) appeals the decision of the Merit Systems Protection Board (MSPB) in Dunbar v. Department of the Navy, No. SF07528910445-1 (June 25, 1990) (made final Nov. 9, 1990) affirming his removal by the Department of the Navy (Navy) from his position of Training Instructor. We vacate the decision of the MSPB and remand with directions.
 
 DISCUSSION
 
 2
 Dunbar was sent a "Notification of Proposed Removal" dated February 8, 1989 which specified three reasons for the proposed action: 1) "Absence without leave (AWOL)/failure to follow absence and leave procedures;" 2) "Leaving the worksite without permission (Second Offense);" and, 3) "Insubordination/threatening a supervisor." Dunbar was removed by a "Notification of Removal" (removal notice) dated March 8, 1989 from Lanny McCullah, the deciding official.
 
 In the removal notice, McCullah wrote:
 
 3
 I considered the nature and seriousness of the offense. ... [Y]our verbal threats to your supervisor are, without question, a serious offense. Such behavior affects the Naval Investigative Service's obligation to maintain a safe work place for its employees, thus impinging upon the efficiency of the Navy. Your violent outburst and aggressive behavior in this instance, coupled with a May 17, 1988 allegation of solicitation for murder, for which you were placed on administrative leave, and your continued harassment of your co-workers, leads me to conclude that the charge of insubordination/threatening a supervisor alone, is reason enough to sustain your removal.
 
 
 4
 Dunbar argues that the charge of solicitation for murder was not included in the Notification of Proposed Removal;[1] that McCullah was made aware of this charge through impermissible contacts with Dick Donaldson, the Navy's Labor Relations officer; and that because no mention of the solicitation charge appears in the Notification of Proposed Removal, Dunbar had no opportunity to defend himself against the charge at the agency level. Dunbar also alleges that the Navy violated 5 C.F.R. Sec. 752.404(f) (1991) which states that "[i]n arriving at its decision, the agency [i.e., McCullah] shall not consider any reasons for action other than those specified in the [Notification of Proposed Removal]." It is clear that no mention of the solicitation charge appears in the Notification of Proposed Removal.
 
 
 5
 The Administrative Judge found "no evidence that [McCullah] considered [information to which Dunbar had no opportunity to respond, i.e., the solicitation charge,] or that [such information] had a harmful effect upon the outcome." Dunbar at 38. Because no mention of the solicitation charge appears in the Notification of Proposed Removal, but the charge is used by McCullah in the removal notice to support the removal decision, the removal notice itself belies this finding.
 
 
 6
 In reviewing a MSPB decision, this court must set aside agency actions, findings or conclusion found to be: 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). To the extent McCullah considered the solicitation for murder charge in arriving at his decision to remove Dunbar, as his removal notice states that he did, he erred. Under the circumstances of this case, this error cannot be considered harmless and the MSPB finding to the contrary is not in accordance with Sec. 7703(c)(2). The MSPB is directed to have the decision to remove redetermined based on the issues raised in the "Notification of Proposed Removal" and the record that would properly have been before the deciding official, and without any consideration of the allegation of solicitation for murder.
 
 COSTS
 
 7
 Costs to Dunbar.
 
 
 
 [1]
 Dunbar also notes that the charge was investigated and found to be without substance prior to the March 8 date of the removal notice